J-S37013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EFRAIN MIRANDA III | : | |
| | : | |
| Appellant | : | No. 226 EDA 2022 |

Appeal from the PCRA Order Entered December 22, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004828-2016

BEFORE: BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY BOWES, J.:             **FILED NOVEMBER 18, 2022**

Efrain Miranda III appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We vacate the PCRA court's order and remand with instructions.

While serving a prison sentence on a prior conviction, Appellant developed the plan of soliciting certain individuals to burglarize a judge's house, then afterwards providing information to the authorities about those individuals in the hopes of having his own sentence reduced. After two unsuccessful attempts, Appellant's plot was uncovered. On June 6, 2017, Appellant entered an open guilty plea to conspiracy to commit burglary and received a sentence of eight and one-half to twenty years of imprisonment. The sentence was imposed consecutively to the sentence Appellant was already serving.

Appellant filed an untimely direct appeal, which this Court quashed. On July 5, 2018, Appellant filed a *pro se* PCRA petition seeking reinstatement of his post-sentence motion and direct appellate rights, which the PCRA court granted after appointed counsel filed an amended petition. Appellant filed a timely post-sentence motion, which the trial court granted in part and denied in part. Specifically, the trial court granted Appellant's request to impose a recidivism risk reduction incentive ("RRRI") minimum sentence but denied his request to otherwise modify the sentence. A timely direct appeal followed. On February 26, 2020, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Miranda*, 227 A.3d 441 (Pa.Super. 2020) (non-precedential decision).

On March 5, 2021, Appellant filed the *pro se* PCRA petition that is the subject of this appeal. Therein, Appellant claimed that he received a statement from an individual who plotted the burglary which would prove his innocence. On June 30, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's "second" PCRA petition without a hearing as untimely and insufficiently pled. Appellant filed a response, attaching the statement he received and claiming that his petition should be considered a timely first PCRA petition. Appellant also requested that the court appoint counsel to assist him. The PCRA court dismissed the PCRA petition as untimely, and this timely appeal followed.

On March 7, 2022, this Court directed the trial court to determine Appellant's eligibility for court-appointed counsel. *See* Pa.R.Crim.P. 904(C)

(providing that when an unrepresented defendant demonstrates an inability to afford counsel, the PCRA court must appoint counsel to represent the defendant on his first PCRA petition.). On March 28, 2022, the PCRA court entered an order finding Appellant ineligible for appointed counsel as this was a second or subsequent petition. On April 14, 2022, Appellant informed this Court that he would proceed *pro se* with this appeal due to the PCRA court's March 28, 2022 order. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review: "Whether the court erred as a matter of law in dismissing Appellant's first PCRA petition as untimely and as his second subsequent PCRA petition without the assistance of counsel." ***See*** Appellant's brief at 4.

We consider Appellant's question mindful of the following. "This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa.Super. 2018). It is well-established that a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, "[t]his court has explained that when a PCRA petition's direct appeal rights

are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." ***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa.Super. 2013) (citation omitted). In these circumstances, the one-year PCRA time clock does not begin to run until the direct appeal *nunc pro tunc* renders the appellant's judgment of sentence final. ***See Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa.Super. 2007).

In the case *sub judice*, the court granted Appellant's request for an appeal *nunc pro tunc*. The direct appeal concluded on February 26, 2020, when this Court affirmed Appellant's judgment of sentence. Accordingly, Appellant's judgment of sentence became final thirty days later, on March 27, 2020, when the time for filing a petition of allowance of appeal to our Supreme Court expired. ***See*** Pa.R.A.P. 1113(a). Thereafter, Appellant had until March 27, 2021, to file a timely first PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1). Therefore, on March 5, 2021, when Appellant submitted his petition, the filing should have been construed as a timely first PCRA petition and the PCRA court erred by concluding otherwise.

The PCRA court further erred when it denied Appellant's request for the appointment of counsel to assist him with the litigation of his first PCRA petition. It is well-settled that criminal defendants who demonstrate an inability to afford counsel have a right to representation of counsel for the litigation of their first PCRA petition. ***See*** Pa.R.Crim.P. 904(C). Herein, Appellant proceeded with court-appointed counsel during his plea and direct

appeal. Additionally, the PCRA court granted Appellant *in forma pauperis* ("IFP") status in its order denying this petition. **See** Order, 12/22/21. Accordingly, Appellant has already made the necessary showing that he cannot afford counsel and is entitled to court-appointed counsel for the duration of his first PCRA petition.

Based on the foregoing, we vacate the order dismissing Appellant's first PCRA petition and remand for the appointment of counsel.[1] Appointed counsel shall either file an amended PCRA petition or submit a "no-merit" letter that complies with the requirements set forth in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court shall then review counsel's submission, provide the Commonwealth with the opportunity to file an answer, and decide whether an evidentiary hearing is warranted.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2022

---

[1] The Commonwealth concedes that the PCRA court erred and that remand for the appointment of counsel is required. **See** Commonwealth's brief at 5.